O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE CASTILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES and DOES 1-10,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-02760 ODW(JEMx)<br><br>**ORDER CONTINUING ORDER TO SHOW CAUSE RE. SETTLEMENT** |

On November 26, 2013, the Court ordered the parties to show cause by December 2, 2013, why they had not finalized their settlement in this case—for the second time. (ECF No. 106.) On January 9, 2014, Plaintiff Rene Castillo submitted a status report, indicating that the County of Los Angeles's Claims Board still had not approved Castillo's claim. The parties have already had an administrative hearing in which the hearing officer found that the allegations against Castillo were unfounded. But the County has still not paid the settlement funds and removed Castillo's names from the applicable databases.

The terms of the Settlement Order issued on September 6, 2013, require the County to approve Castillo's claim within 120 days of that Order. (ECF No. 101.) The County is then to pay Castillo within 10 days of approval. The latest the County could comply with the Settlement Order would be Tuesday, January 14, 2014—130

days after the date the Court issued the Settlement Order.  But the parties included a provision in the Settlement that allows the County to seek an extension of its time for performance for good cause.  In its response to the November 26, 2013 Order to Show Cause, the County has requested such an extension.

Castillo's counsel requests that the Court sanction the County $100 per day until it complies with the Settlement Order.  The County opposes the request, stating that the Claims Board approved the settlement on January 6, 2014.  (Khorram Decl. ¶ 10.)  The County also represents that the Board of Supervisors will hear the matter on January 28, 2014.  The County anticipates that it will be able to disburse settlement funds within 10–14 days after that approval—thus around mid-February.  (*Id.* ¶ 12–13.)

The Court indicated in its last Order to Show Cause that it would not be amenable to another extension "absent well-established good cause."  The Court understands that the County must pass the settlement through several procedural hurdles.  But the County must not forget that it has executed the settlement agreement with Castillo and is thus bound by its terms.  These procedural hurdles should not be insurmountable brick walls.  The parties entered into the agreement four and a half months ago and still the case languishes on the docket, awaiting the County's final action.

The wheels of bureaucracy churn sluggishly as the County has proven.  But the since the parties specifically agreed that the County could seek an extension of time to comply with the terms for good cause, the Court finds that the County's inactivity does not warrant imposing sanctions—yet.  The Court therefore postpones accepting Castillo's invitation at this time.

Since the County has represented to the Court that the Board of Supervisors will hear the matter on January 28, 2014, the Court **GRANTS** the County's request for a continuance one final time.  The Court accordingly **ORDERS** all parties to **SHOW CAUSE** by **Tuesday, February 18, 2014, at 1:30 p.m.**, why they have not finalized

settlement.  Specifically, the Court **ORDERS** the County to **SHOW CAUSE** why it has not finally approved the settlement, disbursed the settlement funds to Castillo, and removed Castillo's name from all applicable databases.  The Court will hold a hearing and thus orders both parties to attend.  The Court will discharge this Order upon filing of a stipulated dismissal notice.

     **IT IS SO ORDERED.**

January 10, 2014

_____
**OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**